PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOUNG LEASING, INC., | ) | CASE NO. 5:26-CV-00546 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WILFRADE EXILE, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 4, 34] |

## I.  INTRODUCTION

Plaintiff Young Leasing, Inc. is an Ohio corporation that rents and leases trucks to customers in the commercial freight industry.  ECF No. 1–1 at PageID #: 773.  In 2024, it leased a semitruck to a one-man Connecticut company allegedly covered by a third-party insurance policy.  ECF No. 1–1 at PageID #: 773.  The company later the wrecked the truck in Texas and filed an insurance claim to cover the damages.  ECF No. 1–1 at PageID #: 774.  The insurer denied the claim, leading to a state court dispute between Plaintiff, the lessee, its owner, and two insurance companies.  ECF No. 1–1 at PageID ##: 772–99.  One of the latter—Defendant Canal Insurance Company—removed the case to federal court and moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  ECF No. 4.  On review, Defendant Canal's Motion to Dismiss (ECF No. 4) is denied.

## II.  BACKGROUND

### A.  HISTORY

Defendant Canal Insurance is a Charleston, South Carolina corporation that insures commercial trucks in most states, including Ohio.  ECF Nos. 1 at PageID #: 4, ¶ 20, 1–1 at

(5:26-CV-00546)

PageID #: 773, ¶ 5. On March 31, 2024, it issued a policy to Defendant Rossignol Express, LLC, a trucking company of Hartford, Connecticut. ECF No. 4–1 at PageID #: 280. On December 6, 2024, Plaintiff—a truck lessor and renter out of Canton, Ohio—leased a Cascadia Freightliner to Defendant Rossignol through Defendant Wilfrade Exile, a Connecticut citizen and Defendant Rossignol's lone owner-operator. ECF No. 1–1 at PageID #: 773, ¶ 6. At the time of the lease, Defendant Exile provided Plaintiff with a certificate of insurance ("COI") allegedly underwritten by Defendant Canal and issued by Defendant State Choice Insurance, a Connecticut corporation. ECF No. 1–1 at PageID #: 785. The COI listed Plaintiff as an additional insured party and certificate holder and provided coverage for the leased truck through March 31, 2025.[1] ECF No. 1–1 at PageID ##: 773–74, 785, ¶¶ 2, 7.

On December 27, 2024, Defendant Exile wrecked the truck while driving on U.S. Route 290 through Brenham, Texas. ECF No. 1–1 at PageID ##: 773–74, ¶¶ 9, 10. It was towed to Houston and placed in storage, where it remains today. ECF No. 1–1 at PageID #: 774, ¶ 10. After the accident, Defendants Rossignol and Exile filed a claim under the Canal/State Choice policy. ECF No. 1–1 at PageID #: 786. Defendant Canal denied the claim on April 8, 2025, claiming the truck "did not qualify as a covered auto." ECF No. 1–1 at PageID ##: 786–87. More specifically, it claimed it did not receive the request to add the truck to the policy until January 8, 2025—two weeks *after* the accident in Texas. ECF No. 1–1 at PageID #: 787. A

---

[1] A certificate holder is "any person, other than a policyholder, that requests, obtains, or possesses a certificate of insurance." Ohio Rev. Code § 3938.01(B)(2). A policy issuer provides insurance coverage, while a policy underwriter assesses risk and verifies the scope of the coverage. *See Underwriter*, Black's Law Dictionary (12th ed. 2024).

2

(5:26-CV-00546)

few weeks later, Defendant Exile dissolved his business in Connecticut.  ECF No. 1–1 at PageID #: 776, ¶ 24.  Both he and Defendant Rossignol—having failed to appear in this litigation—are now in default.  ECF No. 21.

## B.  PROCEEDINGS

Stuck with a wrecked truck, Plaintiff sued Defendants Canal, State Choice, Rossignol, and Exile in the Stark County (Ohio) Court of Common Pleas on five causes of action.[2]  ECF No. 1–1.  *Claim I* is for breach of contract against Defendants Rossignol and Exile.  *Claim II* is for breach of contract against Defendant Canal.  *Claim III* is for bad faith against Defendants Canal and State Choice.  *Claim IV* is for negligent misrepresentation against Defendants Canal and State Choice.  And *Claim V is* for fraudulent misrepresentation against Defendant State Choice.  ECF No. 1–1 at PageID ##: 775–79, ¶¶ 17–60.  Plaintiff seeks compensatory and punitive damages, a declaration of insurance coverage, costs, and fees.  ECF Nos. 1 at PageID #: 6, 1–1 at PageID #: 780, ¶ 63.  Defendant Canal removed the case to the Northern District of Ohio on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, answered, and moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  ECF No. 4.  The motion is fully briefed.  ECF Nos. 11, 15.

## C.  SUBJECT MATTER JURISDICTION

Federal courts have limited jurisdiction.  *See Hain Celestial Grp., Inc. v. Palmquist*, 607

---

[2] Plaintiff's Complaint lists a sixth cause of action for "agency" and seventh cause of action for "punitive damages."  ECF No. 1–1 at PageID #: 779.  Neither, however, is cognizable.  "Agency" is a theory of liability or basis for imputation, not a standalone claim.  Likewise, "punitive damages" is a prayer for relief flowing from an underlying claim, not a claim itself.

(5:26-CV-00546)

U.S. 421, 424 (2026).  Congress and the Constitution restrict them to federal questions (28 U.S.C. § 1331), diversity claims (28 U.S.C. § 1332), and (sometimes) supplemental claims (28 U.S.C. § 1367).  *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).  Relevant here, diversity jurisdiction is when the plaintiff and the defendant are citizens of different states ("complete diversity") and the plaintiff seeks more than $75,000.00 ("amount in controversy").  *See Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020).

For diversity, persons (like Defendant Exile) are citizens where they are domiciled, meaning where they are and where they want to remain.  *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).  Corporations (like Plaintiff and Defendants Canal and State Choice) are citizens where they are incorporated and where their principal place of business is.  *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023).  Limited liability companies (like Defendant Rossignol) are citizens where their members are citizens.  *See Halbower Tr. of Halbower Legacy Tr. v. Hiscox Syndicate 33 of Lloyd's of London*, 178 F.4th 254, 259 (6th Cir. 2026).

In this case, the Parties are completely diverse.  Plaintiff is incorporated in Ohio with its principal place of business in Canton.  ECF No. 1–1 at PageID #: 773, ¶ 1.  Defendant Canal is incorporated in South Carolina with its principal place of business in Charleston.  ECF Nos. 1–1 at PageID #: 773, ¶ 5, 6 at PageID #: 299.  Defendant State Choice is incorporated in Connecticut with its principal place of business in Hartford.  ECF No. 1–1 at PageID ##: 773, ¶ 2.  And Defendant Exile is a Connecticut citizen, making Defendant Rossignol a Connecticut citizen, too.  ECF No. 1–1 at PageID #: 773, ¶ 3.  The amount in controversy is also sufficient:

4

(5:26-CV-00546)

Plaintiff seeks $140,822.21.[3]  ECF No. 1 at PageID #: 6, ¶ 29.

### III.  LAW

#### A.  MOTION TO DISMISS

A defendant can move to dismiss a claim for lack of personal jurisdiction under Rule 12(b)(2).  This is an affirmative defense that has nothing to do with the merits of a claim.  *See Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 (6th Cir. 2025).  Resolving a Rule 12(b)(2) motion requires double burden shifting.  *See Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 660 (6th Cir. 2023).  First, the plaintiff must make a *prima facie* showing that personal jurisdiction exists.  *See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022).  Then, the defendant's motion must counter with evidence it does not exist.  *See id.*  Finally, the plaintiff must respond with specific facts "by affidavit or otherwise" that personal jurisdiction exists.  *Id.* (citation modified).  When (as here) a district court resolves a Rule 12(b)(2) motion without a hearing, it views the pleadings and affidavits in the plaintiff's favor.  *Id.*  It does not "weigh the controverting assertions of the party seeking dismissal."  *Id.*  Dismissal is only proper "if all the specific facts which the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction."  *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation modified).

#### B.  PERSONAL JURISDICTION

Personal jurisdiction is power over people, not property.  *See Personal Jurisdiction,*

---

[3] Consisting of $88,654.75 in repair costs, $7,167.46 in towing and impound fees, and $45,000.00 in lost rental revenue.  ECF No. 1 at PageID #: 6, ¶ 29.

(5:26-CV-00546)

Black's Law Dictionary (12th ed. 2024).  It turns on state law and binds out-of-state defendants

to court judgments.  *See Walden v. Fiore*, 571 U.S. 277, 283 (2014); *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945).  In a diversity dispute, "a federal court may exercise

personal jurisdiction over an out-of-state defendant only if a court of the forum state could do

so."  *Carbone v. Kaal*, 140 F.4th 805, 809 (6th Cir. 2025).  That means personal jurisdiction

must harmonize with both the state's long-arm statute and constitutional due process.  *See id.* at

808 (citing *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020)).  But if

the state's long-arm statute "extends to the limits" of constitutional due process, the two

analyses merge.  *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

## IV.  DISCUSSION

### A.  FIRST BURDEN

The first question is whether Plaintiff has made a *prima facie* showing of personal

jurisdiction.  *See Malone*, 965 F.3d at 504.  On review, the answer is yes.

### 1.  *Long-Arm Statute*

Long-arm statutes are state-specific laws that govern personal jurisdiction over out-of-

state defendants.  *See Long-Arm Statute*, Black's Law Dictionary (12th ed. 2024).  Ohio's

version—codified as Ohio Rev. Code § 2307.382—was amended effective April 7, 2021 to add

that "a court may exercise personal jurisdiction over a person *on any basis consistent with the*

*Ohio Constitution and the United States Constitution*."  Ohio Rev. Code § 2307.382(C)

(emphasis added).  Although "[n]either the Supreme Court of Ohio nor the Sixth Circuit has

conclusively established what this new language means," *Container Mfg. Ltd. v. Vobev*, LLC,

No. 3:24-CV-150, 2024 WL 4444562, at *3 (S.D. Ohio Oct. 8, 2024), there is growing

6

(5:26-CV-00546)

consensus that the statute is now coextensive with federal due process.  *See, e.g.*, *Grado v. Med., Indus., & Sci. Prods. Corp.*, No. 1:24-CV-158, 2025 WL 2227879, at \*7 (S.D. Ohio Aug. 5, 2025) (Cole, J.) ("the plain language of this update makes Ohio's long-arm statute coterminous with the limits of the federal Due Process Clause"); *Angel's Dream, LLC v. Toledo Jet Ctr., LLC*, 721 F. Supp. 3d 601, 610 (N.D. Ohio 2024) (Carr, J.) ("I agree with the courts that construe the Ohio long-arm statute to extend to the limits of federal due process"); *Bren Ins. Servs., Inc. v. Envision Pharm. Servs.*, LLC, No. 5:20-CV-1802, 2022 WL 5160746, at \*4 (N.D. Ohio Oct. 5, 2022) (Lioi, C.J.) ("Ohio's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution").

The Court agrees, so the long-arm and constitutional analyses merge.[4]  *See Sullivan*, 79 F.4th at 663 (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016)).

### 2. *Due Process*

The Fourteenth Amendment's Due Process Clause limits judicial authority over out-of-state defendants.  *See Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 396 (6th Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)).  Its alignment with personal jurisdiction turns on the defendant's relationship with the state where the plaintiff filed the lawsuit.  *See id.*  For due process purposes, personal jurisdiction can be general or specific.  *See id.*  Only specific jurisdiction is relevant here.  ECF Nos. 4–1 at PageID #: 289, 11 at PageID #: 631.

---

[4] In the alternative, personal jurisdiction comports with Ohio Rev. Code §§ 2307.382(A)(1) (transacting business), (A)(2) (contracting services), (A)(4) (causing tortious injury), and (A)(9) (contracting to insure).

7

(5:26-CV-00546)

Specific jurisdiction means the defendant can be sued in a state only for certain things. *See Specific Personal Jurisdiction*, Black's Law Dictionary (12th ed. 2024).  It exists when the plaintiff's claim "arises out of or relates to" the defendant's in-state conduct.  *Canaday*, 9 F.4th at 396 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)) (citation modified).  The Sixth Circuit has "long applied a three-part specific-jurisdiction test." *Carbone*, 140 F.4th at 810.  Personal jurisdiction comports with due process if: (1) the defendant purposefully availed itself of the state's benefits; (2) the claims against the defendant arise from its in-state conduct; and (3) personal jurisdiction is reasonable given the substantial connection between the defendant's conduct and the forum state.  *See id.* (citing *Peters*, 40 F.4th at 441).

The first question ("purposeful availment") is "the constitutional touchstone of personal jurisdiction." *Id*. at 811 (quoting *AlixPartners*, 836 F.3d at 550).  It means the defendant's in-state contacts must be voluntary, not happenstance.  *See id.* at 810.  The second question ("arise from") is more lenient.  *Id*. (quoting *Schneider v. Hardesty*, 669 F.3d 693, 703 (6th Cir. 2012)).  It requires the claim to "arise out of or relate to the defendant's contacts with the forum." *Id.* at 814 (quoting *Ford*, 592 U.S. at 359).  The third question ("reasonableness") balances four factors: (1) the burden on the defendant; (2) the state's interest; (3) the plaintiff's interest; and (4) other states' interests (if any).  *See Ross v. Robinson, Hoover & Fudge, PLLC*, 173 F.4th 745, 758 (6th Cir. 2026).

\* \* \*

*Purposeful Availment*

Plaintiff has carried its initial burden of making a *prima facie* showing that Defendant Canal purposefully availed itself of Ohio's benefits through extensive and continuous business

8

(5:26-CV-00546)

activities.  It plausibly alleges that the COI—whatever its ultimate contractual effect—named Plaintiff as an additional insured party, that Defendant Canal collected $32,155,353.00 in in-state (that is Ohio) premiums in 2024 alone, runs in-state advertising campaigns, and employs at least two in-state licensed insurance agents.  ECF No. 11 at PageID ##: 628, 634.  Also, the denial letter explicitly states that Defendant Canal issued the auto policy at issue, a policy that allegedly included Ohio coverage.  ECF No. 1–1 at PageID #: 786.  These contacts were intentional and systematic, not random or coincidental.  Defendant Canal deliberately reached beyond South Carolina and exploited the Ohio market to sell insurance products therein.  It could "reasonably have anticipated being haled into" an Ohio court because it "purposefully availed itself of the privilege of conducting business in [Ohio] and having its activities shielded by the benefits and protections of [Ohio]'s laws." *Sullivan*, 79 F.4th at 671 (quoting *CompuServe*, 89 F.3d at 1264 and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)) (citation modified).

Moreover, Defendant Canal has defended and prosecuted civil claims in Ohio courts for decades.  *E.g.*, *Canal Ins. Co. v. Goodyear Tire & Rubber Co.*, No. 5:88-CV-00683 (N.D. Ohio filed Mar. 21, 1988); *Canal Ins. Co. v. Sutphin*, No. 1:93-CV-00870 (N.D. Ohio filed Apr. 21, 1993); *Canal Ins. Co. v. Specialized, Inc.*, No. 5:08-CV-02282 (N.D. Ohio filed Sep. 25, 2008); *Canal Ins. Co. v. Paul Bunyan, Inc.*, No. 3:20-CV-363, 2021 WL 462647 (S.D. Ohio Feb. 9, 2021); *Canal Ins. Co. v. MS Express, LLC*, No. 2:24-CV-1969, 2024 WL 4973430 (S.D. Ohio Dec. 4, 2024).  The Court takes judicial notice of these cases.  *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).  Although "the fact that Canal asserts its rights or defends itself in other cases, does not mean that it generally consents to jurisdiction in

9

(5:26-CV-00546)

Ohio," ECF No. 15 at PageID #: 684, this run of cases is "informative." *Sullivan*, 79 F.4th at 660.  At the pleading stage, this is enough.

*Arises From*

Plaintiff has carried its initial burden of making a *prima facie* showing that its claims arise out of Defendant Canal's Ohio contacts.  It plausibly alleges that *Claim II* (breach of contract), *Claim III* (bad faith), and *Claim IV* (negligent misrepresentation) stem from an insurance dispute against, *inter alia*, an out-of-state insurer that allegedly issued coverage and then denied a claim for an Ohio truck under an Ohio lease from an Ohio business.  ECF No. 1–1 at PageID #: 774, ¶ 7.  That conduct plausibly and substantially relates to Defendant Canal's extensive "commercial trucking insurance business" in the state.  ECF No. 11 at PageID #: 642.  Defendant Canal's direct causation argument "is too narrow a framing" because it ignores the Supreme Court's rejection of a "causation-only approach when interpreting the requirement of a connection between a plaintiff's suit and a defendant's activities." *Sullivan*, 79 F.4th at 672 (citing *Ford*, 592 U.S. at 361–62) (citation modified).  Furthermore, the Court need not resolve the merits of Defendant Canal's alleged agency relationship *vis-à-vis* Defendant State Choice at this early stage in litigation.  ECF No. 11 at PageID #: 642.  Plaintiff has carried its "relatively slight burden of a *prima facie* showing" as required by Rule 12(b)(2).  *Malone*, 965 F.3d at 505.

*Reasonableness*

If the first two requirements of specific jurisdiction are established, courts can "infer that exercising personal jurisdiction over the defendant is reasonable" unless the dispute is an "unusual case." *Ross*, 173 F.4th at 758 (citing *Schneider*, 669 F.3d at 703).  This is a

(5:26-CV-00546)

straightforward insurance lawsuit, not an unusual case, so exercising personal jurisdiction over Defendant Canal is reasonable by inference. *See id.* The Court pauses, however, to address Defendant Canal's contention that "it makes very little sense that Ohio would have a great interest in the compensation of its businesses for out-of-state losses." ECF No. 15 at PageID #: 691. Not so. Ohio has a significant interest "in ensuring that its residents have adequate recourse for harms inflicted by nonresidents," especially when those harms cross state lines. *Ross*, 173 F.4th at 758.

## B. SECOND BURDEN

Because Plaintiff made a *prima facie* showing of personal jurisdiction, the burden shifts to Defendant Canal to provide evidence that personal jurisdiction does not exist. *See Malone, 965 F.3d at 504.* The second question, therefore, is whether Defendant Canal carried that burden. *See id.* On review, the answer is no.

\* \* \*

Defendant Canal submitted an affidavit from an in-house Coverage Attorney, Natalie Phillips. ECF No. 4–2. That affidavit says (in relevant part) that:

> Based upon my review of Canal's files, no party submitted any request for coverage for the Truck to Canal, nor otherwise notified Canal regarding adding the Truck to the Policy, prior to the issuance of the Certificate of Liability.

> Based upon my review of Canal's files, no party submitted any request for coverage for the Truck to Canal, nor otherwise notified Canal regarding adding the Truck to the Policy, prior to the Incident.

> Canal did not issue a Certificate of Insurance for the Truck.

11

(5:26-CV-00546)

ECF No. 4–2 at PageID ##: 296–97, ¶¶ 7, 12, 14.  This response misses the mark.[5]  Both the affidavit and Defendant Canal's briefing *writ large* conflate jurisdictional issues with substantive ones.  Defendant Canal consistently contends that Defendant State Choice (not Defendant Canal) made the alleged misrepresentation to Plaintiff, that Defendant State Choice (not Defendant Canal) authorized and issued the COI, that Defendant State Choice (not Defendant Canal) had contact with Defendant Exile, Defendant Rossignol, and Plaintiff, and that Plaintiff wrongfully relied on Defendant State Choice (not Defendant Canal) when it leased the truck to Defendant Exile and Defendant Rossignol.  ECF Nos. 4, 15.  These arguments jump the gun.  Resolving this case will eventually determine who (if anyone) is financially liable to Plaintiff for the wrecked truck.  But on Rule 12(b)(2) review, Defendant Canal's eventual liability or vindication is not the issue.  The affidavit goes to *who should bear liability* (a merits question) rather than *whether Plaintiff has met its prima facie burden* (a jurisdictional one).  Thus Defendant Canal failed to carry its burden to provide specific evidence that personal jurisdiction does not exist.  *See Malone*, 965 F.3d at 504.  The burden does not revert, so the Court need not address whether Plaintiff countered with specific facts

---

[5] For the sake of completeness, the affidavit also asserts that "Canal had no communications with Young, or any other party in Ohio, regarding adding the truck to the policy" and that "Plaintiff's claim does not arise out of any contacts that Canal has with the state of Ohio."  ECF No. 4–2 at PageID #: 297, ¶¶ 13, 15.  But direct communication, while relevant, is not a prerequisite for personal jurisdiction.  *See generally Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000).

(5:26-CV-00546)

showing personal jurisdiction "by affidavit or otherwise."[6]  *See id.*

\* \*

In sum, Plaintiff has plausibly alleged that specific jurisdiction exists.  At the pleading stage, exercising personal jurisdiction over Defendant Canal comports with constitutional due process.

## V.  CONCLUSION

Plaintiff carried its burden of making a *prima facie* showing of personal jurisdiction. Defendant Canal did not carry its evidentiary burden in response.  Therefore, Defendant Canal's Motion to Dismiss (ECF No. 4) is denied.  Defendant Canal's Motion for Stay of Discovery and for Protective Order (ECF No. 34) is denied as moot.


IT IS SO ORDERED.


| July 31, 2026 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[6] The Court notes, however, that Plaintiff properly submitted affidavits in support of personal jurisdiction from three of its employees: Zach Young (Vice President), Pat Doubledee (Leasing Coordinator), and Natalie Musilli (Officer Manager).  ECF Nos. 11–1, 11–2, 11–2.

13